UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00094-TBR-LLK

**AMANDA DUPREY**                                                                                   **PLAINTIFF**

**v.**

**AECOM C&E, INC.**                                                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions: Defendant's Motion to Dismiss for Failure to State a Claim [DN 37], and Plaintiff's Motion to Amend/Correct Complaint [DN 39]. Both motions are ripe for adjudication. For the reasons stated below, the Motion to Dismiss, [DN 37], is DENIED AS MOOT. The Motion to Amend/Correct Complaint, [DN 39], is GRANTED.

## I.  Background

On Plaintiff's Consent Motion [DN 46], the Court entered an order substituting Amentum Services, Inc., f/ka/ AECOM Management Services ("Amentum") for AECOM C&E, Inc ("AECOM"). As a result, AECOM has been terminated as a party to this action. Before being terminated, though, AECOM filed a motion to dismiss and responded to Duprey's Motion to Amend/Correct Complaint. The motions have been pending for roughly three months since Amentum was substituted for AECOM, and neither party has filed anything with the Court attempting to withdraw the motions or file new responses or replies. Thus, to the extent possible, the Court treats the pending documents filed on behalf of AECOM as having been filed by Amentum. The same lawyer was and is counsel for both defendants.

Defense argues in the Motion to Dismiss, [DN 37], that Duprey's Complaint, [DN 1], fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure

12(b)(6). [DN 1 at 1]. Duprey responded to the Motion to Dismiss by filing her Motion to Amend/Correct Complaint with an amended complaint attached. [DN 39]. Duprey contends that although she filed the amended complaint through a motion to amend, she is entitled to file the amended complaint as a matter of right. [DN 42]. She also states that the Court should dismiss Defense's Motion to Dismiss because its arguments are mooted by her Amended Complaint. *Id.* Thus, before addressing the Motion to Dismiss, the Court will address Duprey's Motion to Amend/Correct her Complaint.

## II.     Motion to Amend/Correct Complaint

Duprey filed her original Complaint [DN 1] in the United States District Court for the Middle District of Tennessee before the action was transferred to this Court. AECOM filed a Motion to Dismiss, or Alternatively, to Transfer the Case. [DN 8]. Duprey consented to transfer [DN 16], and the United States District Court for the Middle District of Tennessee then entered an order transferring the case to this Court. [DN 17]. Therefore, the merits of AECOM's motion to dismiss were not addressed. AECOM then filed a Motion to Dismiss for Failure to State a Claim in this Court. [DN 37]. Duprey has countered by moving the Court, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, to replace her original Complaint [DN 1] with her Amended Complaint [DN 39-1].

Duprey contends that even though she has filed a motion to amend/correct her original complaint, the Amended Complaint should become operative as a matter of right, since she filed it within twenty-one (21) days of AECOM's Motion to Dismiss [DN 37] as required by Federal Rule of Civil Procedure 15(A)(1)(b). In response to Duprey's Motion to Amend/Correct her Complaint, defense does not address whether Duprey's amended complaint may be filed as a matter of right. [DN 44]. Therefore, the Court considers that argument waived. Instead, defense

argues that the Court should deny the Motion to Amend/Correct Complaint due to futility. *Id.* Specifically, defense argues that (1) "Duprey's claims are largely time-barred," and (2) "[t]he very few timely allegations made by Ms. Duprey do not state any claim." *Id.* However, these arguments only become relevant if Duprey cannot file her amended complaint as a matter of right. Since the defense does not contest that Duprey can file the Amended Complaint as a matter of right, the Court will grant Duprey's Motion to Amend/Correct Complaint [DN 39], and the Amended Complaint [DN 39-1] will become operative. Accordingly, defense's Motion to Dismiss, [DN 37], addressing the original complaint, is denied as moot.

### III. Conclusion

For the reasons stated above:

1. The Motion to Dismiss for Failure to State a Claim, [DN 37], is **DENIED AS MOOT WITHOUT PREJUDICE**.
2. The Motion to Amend/Correct Complaint, [DN 39], is **GRANTED**.
3. The Clerk is **DIRECTED** to make a separate docket entry for the amended complaint [DN 39-1].
4. **This matter is scheduled for a telephonic conference on Monday, March 29, 2021, 10:00 AM CST. The Court will place the call to counsel.**

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

March 17, 2021

cc: counsel